NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
29934
17-OCT-2011
09:07 AM

NO. 29934

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN HIROYUKI AKITAKE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-08-09688)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Kevin Hiroyuki Akitake ("Akitake") appeals from the June 16, 2009 Notice of Entry of Judgment and/or Order and Plea/Judgment ("Judgment") filed in the District Court of the First Circuit, Honolulu Division ("District Court").[1] Akitake was convicted by the District Court of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII") in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a)(1) (Supp. 2008).[2]

On appeal, Akitake contends that the District Court (1) erred in failing to *sua sponte* dismiss the charge for lack of

---

[1]   The Honorable Randal Shintani presided.

[2]       **Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

>       (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

HAW. REV. STAT. § 291E-61(a)(1) (Supp. 2008).

jurisdiction, and (2) abused its discretion in granting a fourth day of trial over Akitake's objection.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and address the issues on appeal as follows:

(1) Both the complaint and the oral charge at trial failed to allege that Akitake's operation of the vehicle occurred on a "public road, street, or highway," an attendant circumstance of the offense that must be alleged. *State v. Wheeler*, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009).

Akitake did not challenge the sufficiency of the charge at trial. Thus, we utilize the "liberal construction standard" to determine the sufficiency of the charge. *State v. Tominiko*, No. SCWC-29535, 2011 WL 4375245, *1, *7 (Haw. Aug. 26, 2011). "This standard 'means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime.'" *Id.* (citing *State v. Motta*, 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983)).

The State asserts that the "public road" element of the charge can be discerned from reference to the companion charges of Traffic-Control Signal Legend (HRS § 291C-32(a)(3)(A)) and Longitudinal Traffic Lane Markings (HRS § 291C-38(c)) because the oral charges on those violations referred to the indicators of a "red signal," "fully marked stop line," "crosswalk," and "double solid yellow line," which are all indicative of a public roadway.[3/]

Officer Ronald Lopes, the arresting officer in the case, testified that the traffic signals were traditional "City and County of Honolulu, State of Hawaii traffic signals" because they had "the identification decal on them." Officer Lopes further testified that the crosswalk and its related stop line were an "official City and County of Honolulu and[/or] State of

---

[3/]     Akitake was tried jointly on the OVUII and the companion charges. The oral charges associated with the companion charges were stated, along with an oral charge on OVUII, immediately before the trial commenced. HAW. REV. STAT. § 291D-3(b) (2008).

2

Hawaii" cross walk and stop line because he observed "City guys" painting them "all the time."

Officer Lopes' also testified that the infractions and violations occurred while Akitake was driving eastbound on Prospect Street. The citation on the companion charges issued by Officer Lopes to Akitake identified "Prospect/Ward" as the location of the violation, and stated that Akitake was traveling "east/Prospect" at the time.

Under the liberal construction analysis we interpret a charge as a whole, employing practical considerations and common sense. *State v. Sprattling*, 99 Hawai'i 312, 318-19, 55 P.3d 276, 282-83 (2002). A companion charge that contains the public roadway allegation provides a sufficient basis to uphold the primary OVUII charge. *Tominiko*, 2011 WL 4375245 at *7 (companion charge for driving without insurance alleged that the incident took place "upon a public street, road, or highway of the State of Hawaii"); *see also State v. Elliot*, 77 Hawai'i 309, 312, 884 P.2d 372, 375 (1994) (the charges can be read together to determine whether they were sufficient). Because the OVUII and companion charges all refer to operating a motor vehicle in the City and County of Honolulu on the same day, it can reasonably be inferred that they refer to the same incident. *Tominiko*, 2011 WL 4375245 at *7.

Although the companion charges in this case do not explicitly include the public roadway allegation, they refer to a red signal, a marked stop line, a crosswalk, and double solid yellow lines in the roadway, which are all indicative of a public roadway. In addition, the citation for the companion charges reflects that the violations occurred on Prospect Street. *See Tominiko*, 2011 WL 4375245 at *8.

We conclude that when the OVUII charge is read together with the companion charges and the related citation[4] under the liberal construction standard the charges can reasonably be construed to charge the public roadway requirement. When read

---

[4]    The companion charges' citation and oral recitation are properly considered in determining the sufficiency of the primary charge. *See State v. Mita*, 124 Hawai'i 385, 389 n.6, 245 P.3d 458, 463 n.6 (2010); HAW. REV. STAT. § 291D-3(b).

together, the charges provided Akitake with sufficient notice that the charged conduct took place on a public roadway, namely, Prospect Street, and that he was charged with having committed the OVUII offense "upon a public way, street or highway."[5] As a result, the District Court did not err in failing to *sua sponte* dismiss the charge for lack of jurisdiction.

(2) The District Court had already concluded that trial would not be completed on its third day, stating, "Well, you can continue with Officer Tamanaha whichever way you wish. I don't think we're going to finish today[.]" Consequently, it was not an abuse of discretion for the District Court to have granted the State its requested continuance.

Therefore, IT IS HEREBY ORDERED that the District Court's June 16, 2009 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 17, 2011.

On the briefs:

Earle A. Partington,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[5] We do not reach here whether, under the liberal construction standard, we can consider the testimony related to the primary and/or companion charges introduced at trial because the companion charges' citation and oral charges are a sufficient basis upon which to infer that Prospect Street is a public roadway.